# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
August 14, 2018

v

TERRY LEE PARISH,

      Defendant-Appellant.

No. 335829
Genesee Circuit Court
LC No. 16-038995-FH

Before: BOONSTRA, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

BOONSTRA, P.J. (*concurring in part and dissenting in part*).

The sole issue that divides this panel in this case is one that defendant has not raised.[1]  I would not address it sua sponte without proper input from the parties.[2]

---

[1] Defendant does not challenge on appeal the admission into evidence of testimony relating to certain text messages (although defendant did object in the trial court to the relevance and prejudice of the testimony).  Rather, defendant's entire argument on appeal in relation to the testimony in question relates not to an evidentiary error, as the lead opinion suggests, but rather to a claim of prosecutorial error, and consists of the following:

> As a final note, the prosecution misrepresented the evidence regarding the texts sent between Mr. Parish and his wife.  The texts did not discuss financial trouble. The texts were discussing a shortage of cash on hand that would be solved *if* the debit card arrived in the mail.  And the problem *was* solved when Mr. Parish went to the bank and got some money.  Yet, in argument, the prosecutor misrepresented the texts to provide a motive for taking the jewelry box: [quoting from the prosecution's closing argument].

The lead opinion nonetheless spends pages addressing the propriety of the admission into evidence of the testimony relating to the text messages, an unasserted error that even it deems not to have been plain error.  In doing so, it improperly strays from our proper role as a neutral arbiter of the disputes placed before us, and plunges headfirst into a role of advocacy, raising and deciding issues that the parties have chosen not to place before us.  See *Michigan Gun Owners, Inc v Ann Arbor Public Schools*, __ Mich __, __ (2018) (Docket No's 155196, 155204), slip op

-1-

I therefore dissent from the lead opinion's determination to address and decide the question of the admissibility of the testimony relating to the text messages. I otherwise concur in the result.

/s/ Mark T. Boonstra

---

at 8 (" 'In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.' *Greenlaw v United States*, 554 US 237, 243; 128 S Ct 2559; 171 L Ed 2d 399 (2008). The plaintiffs decided not to present this issue, and so we decline to reach it."). In *Greenlaw*, the Supreme Court endorsed the view that "[o]our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief," *Castro v United States*, 540 US 375, 386; 124 S Ct 786; 157 L Ed 2d 778 (2003) (Scalia J., concurring in part and concurring in judgment), and that "[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties," *United States v Samuels*, 808 F.2d 1298, 1301 (CA 8 1987) (R. Arnold, J., concurring in denial of reh'g en banc). See also *Jefferson v Upton*, 560 US 284, 301; 130 S Ct 2217; 176 L Ed 2d 1032 (2010) (Scalia, J., dissenting) ("appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them") (quotation marks and citation omitted).

[2] The lead opinion cites *People v Cain*, 238 Mich App 95, 127; 605 NW2d 28 (1999), for the proposition that we are empowered to address any issues, even if not raised by the parties, that we may deem appropriate. It neglects to mention, however, that "at oral arguments in [*Cain*] we raised th[e] issue [that was there in question] and subsequently granted the parties leave to file supplemental briefs addressing whether the trial court's failure in this regard constituted an error requiring reversal." *Id*. That is not what occurred in this case. None of the parties has briefed the issue on appeal. And at oral argument—which counsel for appellant waived—the author of the lead opinion merely directed brief commentary to counsel for appellee noting her own prior prosecutorial experience regarding references to poverty as a motive and then directed a question to appellee's counsel to confirm the questioner's impression that the circumstances of this case were factually distinguishable (because the lack of money in this case was specific to the particular date and circumstances of the offense, not a general reference to poverty). Apart from that brief colloquy, only the lead opinion (apparently now taking a different view than was expressed at oral argument) (and to a lesser extent the concurring opinion) has raised, addressed, or provided any input into the issue of whether the testimony relating to the text messages was properly admitted into evidence. That issue not being before us and not being dispositive of anything in this case (even under the majority's analysis), I deem it to be one that in my judgment we should not decide, particularly without any input from the parties. This is simply not the case, or the issue, that should compel us to deviate from the general and accepted principle of party presentation.